UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §      CRIMINAL ACTION NO. C-11-1099
                              §
DORIS ARACELY MARTINEZ-       §
PORTILLO

## ORDER DENYING MOTION TO DISMISS INDICTMENT

Before the Court is Defendant, Doris Aracely Martinez-Portillo's, "Amended

Motion to Dismiss Indictment With Prejudice" (D.E. 12).  Defendant seeks dismissal,

arguing that the predicate deportation on which the indictment relies was fundamentally

unfair as she was deported *in absentia* at the age of six.  The Government has filed its

Response (D.E. 15), stating that Defendant has had an opportunity to contest the

predicate deportation, failed to do so, and expressly waived any right to do so in

connection with a plea agreement in another case during the Defendant's age of

majority.  In Reply (D.E. 17), Defendant argues that the prior plea agreement containing

the waiver involved crimes that were unrelated to the charges of illegal re-entry pending

here and should have no application outside the confines of the conviction for which the

plea agreement was formulated.  For the reasons set out below, the Defendant's motion

is DENIED.

### FACTS

The relevant facts are not in dispute.  Defendant is a citizen and national of

Honduras.  When she was approximately six years old, she was found with her mother at

1 / 6

the United States Border Patrol Checkpoint in Temecula, California (her first entry).

Her mother admitted to having illegally entered the United States and, after failing to

appear for her Show Cause hearing, they were tried in absentia and a warrant of

deportation was issued against them on August 11, 1993 (1993 Deportation Order).

Defendant avoided deportation and, after January 24, 2000 until February 11,

2009, remained in the United States under Temporary Protected Status (TPS) due to

conditions in Honduras.  Defendant's TPS renewal applications in 2001 and 2002 both

acknowledged Defendant's previous immigration proceedings and entry without

inspection.  Defendant's annual TPS renewal application was denied in February of

2009 ending her ability to remain in the United States legally.

On June 25, 2009, at the approximate age of 23, Defendant was convicted of theft

in Carson, California.  On December 21, 2009, Defendant was convicted of two counts

of burglary in Los Angeles, California.  Immigration and Customs Enforcement (ICE)

issued an immigration detainer and Defendant was deported on May 27, 2010 (2010

Deportation).

Less than three months later, Defendant was encountered by United States Border

Patrol Agents in Luna County, New Mexico (her second entry).  She was charged with

illegal re-entry under 8 U.S.C. § 1326.  Pursuant to a written plea agreement, she

stipulated as follows:

> This plea agreement is contingent upon the Defendant's
> agreement that the Defendant will not collaterally attack or
> contest in any manner reinstatement of the Defendant's prior
> deportation/removal order.  By signing this plea agreement,
> Defendant    hereby    agrees    to    waive    all    challenges,

> constitutional or otherwise, to reinstatement of the Defendant's prior deportation/removal order.

The magistrate judge accepted the guilty plea and Defendant was convicted and deported on February 17, 2011 (2011 Deportation Order). Defendant has not filed any appeals with respect to any of her deportation orders.

On November 13, 2011, Defendant was encountered by United States Border Patrol Agents in Nueces County (her third entry). In the instant case, she has again been charged with illegal re-entry pursuant to 8 U.S.C. § 1326. Her Motion challenges the indictment's predicate deportation element, stating that the 1993 Deportation Order was fundamentally unfair due to her age and inability to participate in the proceedings or to appeal the decision. While not fully articulated, it appears that Defendant also argues that the 2010 Deportation and 2011 Deportation Order cannot provide the necessary predicate because they, too, were premised on the 1993 Deportation Order.

## DISCUSSION

Defendant does not deny the terms of the previous plea agreement whereby she waives any challenge to the 1993 Deportation Order and pleads guilty in support of the 2011 Deportation Order. Instead, she argues that the stipulations made in the prior case cannot be applied in this "subsequent" and "unrelated" case. Thus the issue before the Court is whether the terms of the prior plea agreement (resulting in the 2011 Deportation Order) foreclose an argument that the 1993 Deportation Order was fundamentally unfair and that it and other orders resulting from it cannot support the predicate deportation requirement of 8 U.S.C. § 1326 in the charges now pending in this Court.

While the Government does not use the term in its Response, its argument suggests the application of the doctrine of "judicial estoppel," by which a litigant cannot take inconsistent positions to obtain desirable results at the expense of the opposing party.   The Fifth Circuit has described this doctrine as one of equity, subject to application in the Court's discretion.   *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011).

> "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." 18 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 134.30 at 63 (3d ed.2011) (hereinafter "MOORE'S"). It is "an equitable doctrine invoked by a court at its discretion" to "protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks and citations omitted). While enumerating several factors that typically inform the decision whether to apply the doctrine in a particular case, the Supreme Court has refused to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," stating instead that different considerations "may inform the doctrine's application in specific factual contexts." *Id*. at 751, 121 S.Ct. 1808; see also 18 MOORE'S § 134.31 at 73 ("Because the doctrine is equitable in nature, it should be applied flexibly, with an intent to achieve substantial justice . . . . Application of the doctrine of judicial estoppel should be guided by a sense of fairness, with the facts of the particular dispute in mind."); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4477 at 553 (2d ed. 2002) ("The concern [of judicial estoppel] is to avoid unfair results and unseemliness.").

*Id*.   More specifically,

> In assessing whether judicial estoppel should apply, we look to see whether the following elements are present:

4 / 6

> (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position;
>
> (2) a court accepted the prior position; and
>
> (3) the party did not act inadvertently.

*Id.* at 574.  Judicial estoppel has been applied to hold criminal defendants to the terms of their plea agreements as those terms apply to subsequent cases.  *See e.g.*, *Libretti v. Wyoming Atty. Gen.,* 60 Fed. Appx. 194, 198, 2003 WL 356786, *4 (10th Cir. 2003) (citing *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983)); *Lowery v. Stovall*, 92 F.3d 219 (4th Cir.1996); 18B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 4474.1 (2d ed. 2002) ("[T]he guilty plea is made to induce reliance by the court for purposes that count as favorable to the defendant").

The Court holds that principles of equity support the application of the doctrine of judicial estoppel in this case and that the Fifth Circuit's three-part test is satisfied by the facts in this case.  The Defendant will not be heard to challenge the 1993 Deportation Order.  Neither has the Defendant demonstrated any reason, aside from the challenge to the 1993 Deportation Order, that the 2010 Deportation and the 2011 Deportation Order do not supply sufficient predicate for the indictment for violation of 8 U.S.C. § 1326. Because this holding is dispositive of the issue, it is not necessary to reach the Government's argument that the Defendant had a prior adequate opportunity to pursue a challenge to the 1993 Deportation Order, of which she failed to take advantage.

For these reasons, Defendant's Amended Motion to Dismiss Indictment with Prejudice (D.E. 12) is DENIED.    Defendant's original motion (D.E. 11) is administratively terminated as moot as a result of the filing of the amended motion.

ORDERED this 9th day of January, 2012.

Nelva Gonzales Ramos
United States District Judge